# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

MICHELE GILLION; *et al.*                                                                PLAINTIFFS

v.                             1:17cv00033-JM-JJV

NANCY WEAVER, CEO; *et al.*                                            DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   PLAINTIFF HOARD'S CLAIMS

Plaintiffs Michele Gillion and Jordan Demar Hoard filed this action *pro se* pursuant to 42 U.S.C. § 1983, without prepayment of the $400.00 filing fee. (Doc. No. 2.) Although Plaintiff Gillion has filed an Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 1), Plaintiff Hoard has not. To proceed on his claims, Plaintiff Hoard must also demonstrate he lacks the funds and income to pay the filing fee. On May 16, 2017, I ordered Plaintiff Hoard to submit either (1) the statutory filing fee of $400.00; or (2) a properly completed Application to Proceed Without Prepayment of Fees and Affidavit, with the required calculation sheet prepared and signed by an authorized official of the detention center at which he is confined, within thirty (30) days. (Doc. No. 5.) On June 14, 2017, I granted Plaintiff Hoard's Motion to Extend Time (Doc. No. 9), giving him twenty-one (21) days from the date of that Order to submit either the statutory filing fee of $400.00 or a properly completed Application to Proceed Without Prepayment of Fees and Affidavit, with the required calculation sheet prepared and signed by an authorized official of the detention center at which he is confined.[1] (Doc. No. 10.)

That deadline has now passed, and Plaintiff Hoard has not complied with or otherwise responded to my Order. Therefore, his claims should be DISMISSED without prejudice.

---

[1] On both May 16, 2017, and June 14, 2017, blank Applications to Proceed Without Prepayment of Fees were mailed to Plaintiff Hoard.

## II.     PLAINTIFF GILLION'S CLAIMS

### A.     Introduction

In their original Complaint, Plaintiffs alleged Plaintiff Hoard had been in the custody of Defendant Arkansas Sheriff Youth Ranch in 2013 and 2014 and had been subjected to severe mental and physical abuse. (Doc. No. 2 at 4.) Plaintiffs named as Defendants the Youth Ranch and its CEO, Nancy Weaver. (*Id.* at 1.) In the Order of May 16, 2017, I cautioned Plaintiffs that their Complaint failed to state a viable claim for two reasons: (1) neither Defendant appeared to be acting under color of state law at the time of the alleged violations; and (2) Plaintiff Gillion lacked standing to bring claims on Plaintiff Hoard's behalf. (Doc. No. 5 at 2.) Plaintiffs were afforded an opportunity to amend. (*Id.*)

Plaintiffs then filed two separate Amended Complaints. (Doc. Nos. 6, 7.) One appeared to be signed by both Plaintiffs and made allegations of excessive force and failure to protect. (Doc. No. 6 at 4-5.) It included the names of some officers but did not list those officers as Defendants. (*Id.* at 4.) The other Amended Complaint was signed only by Plaintiff Hoard and, like the original Complaint, only made reference to mental and physical abuse. (Doc. No. 7 at 4-5.) In the Order of June 14, 2017, Plaintiffs were once again afforded an opportunity to amend and were instructed to submit a superseding Second Amended Complaint, listing all of their claims in a single document. (Doc. No. 10 at 2.)

Plaintiff Hoard then filed a Second Amended Complaint. (Doc. No. 11.) It was not signed by either Plaintiff, and Plaintiff Gillion's name does not appear anywhere on it. (*Id.*) In substance, it is identical to the original Complaint, containing only an allegation of mental and physical abuse and providing no specific facts. (*Id.* at 4.)

3

### B.     Screening

An action in which the plaintiff is proceeding *in forma pauperis* may be dismissed "at any time" upon a determination that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Pursuant to this provision, a federal court may *sua sponte* dismiss a claim that is "based on an indisputably meritless legal theory" or one that is "clearly baseless" as a matter of fact.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The *in forma pauperis* statute has been applied to dismiss claims prior to service in prisoner and non-prisoner cases alike.  *See Zessin v. Neb. Health & Human Servs.*, 8:07CV247, 2007 WL 2406967 (D. Neb. Aug. 20, 2007) (collecting cases in which the Eighth Circuit and other courts have affirmed dismissals under 28 U.S.C. § 1915(e)(2)(B) in non-prisoner cases).

### C.     Analysis

Plaintiff Gillion's claims should be dismissed for failure to state a claim upon which relief may be granted.  Each iteration of Plaintiffs' Complaint contains the same two basic defects.  First, Plaintiffs have not shown that the Youth Ranch, which appears to be operated by a non-profit, non-governmental entity, or its CEO was acting under color of state law at the time of the alleged violations.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Roe v. Humke*, 128 F.3d 1213, 1215 (8th Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  These are considered essential elements of a § 1983 claim.  *See id.*  Second, Plaintiff Gillion lacks standing to bring claims on Plaintiff Hoard's behalf.  Absent an applicable exception, "one may not claim standing . . . to vindicate the constitutional rights of some third party."  *Singleton v. Wulff*, 428 U.S. 106, 114

(1976) (quoting *Barrows v. Jackson*, 346 U.S. 249, 255 (1953)).  For these reasons, Plaintiff Gillion's claims fail to state a viable claim and should be dismissed without prejudice.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff Hoard's claims be DISMISSED without prejudice for failure to pay the filing fee or file an Application to Proceed Without Prepayment of Fees and Affidavit.

2. Plaintiff Gillion's claims be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 10th day of July, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5